**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: UNASSIGNED**

```
-------------------------------------------------------------------- X
ETEROS TECHNOLOGIES USA, INC.,          :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :   Case No.  25-36
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                                        :
        Defendant.                      :
-------------------------------------------------------------------- X
```

## COMPLAINT

Plaintiff, ETEROS TECHNOLOGIES USA, INC., ("Plaintiff" or "Eteros"), by and through undersigned counsel, brings this action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1651, for declaratory judgment against Defendant United States ("Defendant") and its component agency, United States Customs and Border Protection, a unit of the Department of Homeland Security. Specifically, Eteros seeks a determination that when the company imports merchandise in accordance with 21 U.S.C. § 863(f)(1), and pursuant to this Court's decision in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022), the company and its employees are neither engaged in "Narcotics Trafficking" in violation of 21 U.S.C. §1907, nor manufacturing, dispensing, nor possessing with intent to manufacture, distribute, or dispense a "controlled substance" in violation of 21 U.S.C. §841.

### I.     INTRODUCTION

1.     This action arises from the unlawful and retaliatory conduct of United States Customs and Border Protection ("CBP") against Plaintiff Eteros Technologies USA, Inc. ("Eteros USA"), a leading manufacturer of innovative agricultural machinery, and its employees and executives.

2.     Plaintiff seeks declaratory relief through three counts. First, Plaintiff requests a declaration that its activities relating to the importation of cannabis-related merchandise, as sanctioned by this Court in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022), do not *per se* constitute "narcotics trafficking" under 21 U.S.C. § 1907, nor does it *per se* consist of aiding, abetting, assisting, conspiring, or colluding in such activities (Count I). Second, Plaintiff seeks a declaration that its lawful importation of cannabis-related merchandise does not *per se* involve the manufacture, distribution, dispensing, or possession with intent to manufacture, distribute, or dispense, a controlled substance in violation of 21 U.S.C. § 841, nor does it *per se* involve aiding, abetting, assisting, conspiring, or colluding in such conduct (Count II). Third, Plaintiff invokes the All Writs Act, 28 U.S.C. § 1651, to ensure Defendant's compliance with, and to prevent the further erosion of, this Court's inherent power and prior rulings (Count III).

## II. PARTIES

3.     Plaintiff, Eteros Technologies USA, Inc. ("Eteros" or "Eteros USA"), is a corporation organized and existing under the laws of the State of Washington. Eteros' United States headquarters is located at 6175 Sandhill Road, Las Vegas, Nevada 89120. Eteros is engaged in the importation, manufacture, and distribution of agricultural machinery for various industries, including the cannabis and hemp processing industry.

4.     Defendant United States is the federal defendant. The actions complained of herein were undertaken by its agency U.S. Customs and Border Protection ("Customs" or "CBP"), which is a component of the U.S. Department of Homeland Security ("DHS").

## III. JURISDICTION AND VENUE

5.     This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(i)(1)(D), as it involves the "administration and enforcement" with respect to

matters relating to exclusion and admission of goods pursuant to this Court's 28 U.S.C. § 1581(a) jurisdiction.  In particular, defendant has administered this Court's decision in *Eteros Technologies Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Tr. 2022), a case brought under 28 U.S.C. §1581(a), which held certain importations to be legally permitted pursuant to 21 U.S.C. § 863(f)(1), by threatening Eteros and its employees with criminal prosecution for engaging in such legally permitted activities, and by removing Eteros' Chief Executive Officer (CEO) from the United States, banning him from re-entering for a period of five (5) years, threatening criminal prosecution if reentry is attempted again, and revocation of his NEXUS membership.

## IV.    STATEMENT OF FACTS

6. Eteros is a manufacturing company that designs and sells sophisticated and specialized agricultural machinery, including equipment used by commercial scale cannabis producers operating in the federally legal hemp industry, and in the state-legal cannabis industries of various states.

7. Eteros has no direct role in the specific business operations of its customers. Eteros does not engage in, nor hold any stake or interest in, the specific business activities of its customers. The company lacks knowledge of how its machinery is used by customers and would not have any visibility into whether its customers use Eteros' products for the cultivation, processing, possession, or distribution of cannabis or other agricultural commodities. Eteros' equipment serves a variety of industries, including the federally legal hemp sector and the state-legal cannabis industries across multiple jurisdictions.

8. In June 2021, Eteros filed suit in this Court to contest the exclusion of a shipment of motor frame assemblies imported from Canada through the Port of Blaine, Washington. These assemblies were components of Eteros' Mobius M108S Trimmer, a device used to separate plant leaves from flowers, which is utilized in the hemp and state-legal cannabis industries. *Eteros*

*Technologies Inc. v. United States*, Court No. 21-00287. This Court exercised subject-matter jurisdiction over said action pursuant to 28 U.S.C. § 1581(a). *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022).

9. CBP had excluded the motor frame assemblies based on the Mail Order Drug Paraphernalia Control Act, 21 U.S.C. §863(a), which prohibits. *inter alia,* the importation of "drug paraphernalia," providing:

> (a) In general
>
> It is unlawful for any person—
>
> (1) to sell or offer for sale drug paraphernalia;
>
> (2) to use the mails or any other facility of interstate commerce to transport drug paraphernalia; or
>
> (3) to import or export drug paraphernalia.

10. In its Complaint in Court No. 21-00287, Eteros conceded for purposes of the litigation that the excluded goods fell within the broad definition of "drug paraphernalia," 21 U.S.C. § 863(s), but contended that its merchandise was admissible under the statutory exemption set out at 21 U.S.C. § 863(f)(1), which permits importation by "persons authorized" under state law to manufacture, possess, or distribute such items, providing:

> (f) Exemptions. This **section** shall not apply to—
>
> (1) any **person authorized** by local, State, or Federal law to *manufacture*, *possess*, or *distribute* such items.

11. In *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022), this Court clarified that cannabis-related merchandise is not subject to the federal prohibitions of 21 U.S.C. § 863—including the prohibition on importing "drug paraphernalia"—when state laws authorizes the conduct contemplated under 21 U.S.C. § 863(f)(1) (*i.e.,*

manufacturing, possession, or distribution of cannabis-related "drug paraphernalia"). This Court held that Washington State's laws—and particularly its repeal of prior prohibitions attendant to manufacture, sale and possession of cannabis-related "drug paraphernalia"—serve to authorize persons under § 863(f)(1), and that Eteros qualified for the exemption under §863(f)(1). The Court ordered CBP to release the excluded merchandise.

12.     CBP complied with this Court's judgment order and released Eteros' merchandise for entry into U.S. commerce.

13.     The United States did not appeal this Court's decision and final judgment in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022).

14.     In *Keirton USA Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022), this Court issued a decision substantially mirroring its ruling in *Eteros Technologies USA Inc. v. United States, supra*. The Court held that items potentially classified as "drug paraphernalia" under 21 U.S.C. § 863(d) could nevertheless be lawfully imported into the State of Washington pursuant to the exemption outlined in 21 U.S.C. § 863(f)(1).

15.     The United States did not appeal this Court's decision and final judgment in *Keirton USA Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022) .

16.     The *Eteros* and *Keirton* decisions hold that when the § 863(f)(1) exemption applies, none of the provisions under § 863 are enforceable, meaning there can be no violations of § 863(a) – (e), nor any related enforcement actions for alleged "drug paraphernalia" import violations under 19 U.S.C. § 1595a(c)(2)(A). *See Eteros*, 592 F. Supp. 3d at 1321 ("[T]he court agrees that '[t]here can be no question that subsection (f)'s use of the word 'section' refers to the entirety of 21 U.S.C. § 863,' Pl.'s Br. at 20, such that when the (f)(1) exemption is implicated, none of the provisions under section 863 … apply.").

17. No other federal statute prohibits or penalizes the possession, distribution, or importation of "drug paraphernalia."

18. In March 2024, CBP issued *Headquarters* ("HQ") *Ruling H327540* (Complaint Exhibit B-7), pursuant to 19 U.S.C. § 1625, which discusses this Court's *Eteros* decision and acknowledges the applicability of the federal exemption under 21 U.S.C. §863(f)(1), and clarifying that cannabis-related merchandise intended for states with legalized cannabis industries may be lawfully imported under the exemption. In *HQ H327540* (March 7, 2024), Customs confirmed that cannabis-related merchandise "<u>destined for states that have legalized cannabis may be exempted under 21 U.S.C. § 863(f)(1)</u>." The CIT decisions are binding on all Customs personnel. Customs Rulings "represent[] the official position of the Customs Service with respect to the particular transaction or issue described therein and [are] binding on all Customs Service personnel in accordance with the provisions of this section until modified or revoked", 19 C.F.R. §177.9(a), and the holding in *HQ H327540* precludes CBP from prohibiting such merchandise from entry when § 863(f)(1) applies. *See* 19 C.F.R. § 177.9.

19. Other than the shipment at issue in *Eteros*, Plaintiff has never been accused of, or charged with, importing or dealing in cannabis-related "drug paraphernalia" in violation of any federal laws. Of course, for the shipment at issue in *Eteros*, Plaintiff was exonerated by the CIT of importing goods contrary to law, and CBP was ordered to release the goods back to Eteros for entry into Untied States commerce.

20. On June 11 2024, Ms. Amanda ("AJ") James, Director of Strategy and Business Development at Eteros Canada and Eteros USA, and a citizen of Canada, traveled from her home in British Columbia, Canada, to the Port of Blaine Washington, and presented herself to at the U.S. Customs and Border Protection there for the purpose of renewing her L-1A work visa, which she

had held for the previous three years. When she presented herself, she was taken to a room for secondary questioning, and persistently interrogated by CBP about her employment with Plaintiff Eteros.

21.　At the conclusion of Ms. James' interrogation, she was told by CBP officers that her application to extend her visa would be denied on the ground that she was engaged in illicit narcotics trafficking under 21 U.S.C. §§ 841 and 1907, and was warned that if she attempted to re-enter the United States, she would be arrested and criminally prosecuted.

22.　CBP also revoked Ms. James' NEXUS membership and confiscated her NEXUS card. Ms. James has remained in Canada since that time, unable to travel to the offices of Eteros USA, and unable to visit customers, attend trade shows, or carry out her ordinary duties as an executive officer of Eteros USA.

23.　On October 4, 2024, Mr. Aaron McKellar, founder and CEO of Eteros Canada and Eteros USA, sought entry to the U.S. for a personal trip, to shop at Trader Joes in Bellingham, WA. Mr. McKellar sought entry using his NEXUS membership card as a visitor for pleasure and for reasons wholly unrelated to his valid L-1A work visa. Despite being informed that he was traveling for personal reasons, CBP officers brought Mr. McKellar into secondary inspection, where they immediately targeted him with questions related to Eteros' business activities and harassed him with respect to Eteros' prior legal success against CBP in *Eteros Technologies USA Inc. v. United States,* 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022).

24.　CBP's accusations were entirely baseless and appear designed to malign the legitimacy of Eteros' operations in retaliation for its litigation success against CBP; and further indicate targeting of Eteros and its leadership team in an effort to undermine the lawful importation and distribution of its machinery in the United States.

25. CBP Officers then made several comments during their encounter with Mr. McKellar which are indicative of inappropriate and unlawful motives, such as "<u>Your customers should buy from an American company</u>" and "<u>buy from an American citizen</u>." Mr. McKellar clarified that Eteros USA is an American company that employs U.S. citizens and pays U.S. taxes.

26. CBP refused Mr. McKellar's request to withdraw his application for admission, and conducted a sworn statement. Despite being provided no further information by Mr. McKellar, CBP concluded that he is "knowingly and intentionally contributing to the proliferation of the marijuana industry in the United States."

27. CBP officers then formally issued an expedited removal order ("ERO") against Mr. McKellar under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(7)(A)(i)(I), requiring him to return to Canada. *See* Complaint Exhibit A. The removal order included a five-year ban on re-entering the United States and warnings that any attempt by Mr. McKellar to re-enter the U.S. would lead to felony prosecution and imprisonment.

28. CBP officers also revoked Mr. McKellar's NEXUS membership and confiscated his NEXUS membership card.

29. Mr. McKellar, through counsel, thereafter filed a Request to Reconsider and Vacate the Expedited Removal Order against him. *See* Complaint Exhibit B.

30. On November 12, 2024, Mr. Harmit Gill, the Area Port Director of CBP at the Port of Blaine, Washington, issued a decision denying the request to Reconsider and Vacate the ERO issued to Mr. McKellar. *See* Complaint Exhibit C. The Area Port Director's decision makes clear that the action taken against Mr. McKellar was punishment for the importation activities which this Court had previously found to be licit and lawful in *Eteros Technologies USA Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Tr. 2022).

31. Mr. Gill's decision, Complaint Exhibit C, makes clear that Mr. McKellar's expedited removal and subsequent five (5) year ban were based on CBP's view that merely by importing equipment in accordance with this Court's prior decision, Eteros and Mr. McKellar were engaged in the criminal trafficking of controlled substance. The decision provides:

> Under Title 21 USC 1907 Narcotics Trafficking is defined as "any illicit activity to cultivate, produce, manufacture, distribute, sell, finance, or transport narcotic drugs, controlled substances, or listed chemicals, or otherwise endeavor or attempt to do so, or assist, abet, conspire, or collude with others to do so".
>
> The legal definition of "aid and abet" is, "assist someone in committing or to encourage someone to commit a crime".
>
> Under Title 21 USC 841 it is unlawful to knowingly or intentionally, "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance".

32. The decision did not allege that Mr. McKellar was engaged in any activity other than the specific importation activities which this Court had previously found to be licit and lawful in *Eteros Technologies USA Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Tr. 2022). It did not identify any persons whom Eteros or Mr. McKellar had aided, abetted, or otherwise engaged with in any way.

33. Noting that marijuana is characterized as a Class 1 Controlled Substance by the Drug Enforcement Administration ("DEA"), 21 U.S.C. § 812, CBP, through Mr. Gill, concluded that by importing goods in accordance with this Court's *Eteros* decision, Plaintiff Eteros and Mr. McKellar had engaged in criminal trafficking of a controlled substance. The Denial Decision states:

> Under the regulations and definitions contained within Title 21, the petitioning entity, Eteros Technologies USA, Inc., and the beneficiary, Mr. McKellar, are encouraging, promoting and assisting in the production of marijuana for the purpose of distributing and dispensing and thus, are aiding and abetting the narcotics trafficking of marijuana in the United States in violation of 21 USC 841.

34.     CBP's Denial Decision (Complaint Exhibit C) also indicated that the agency was declaring criminal activities which this Court had sanctioned as entirely licit and lawful in its *Eteros* decision, and which CBP itself had endorsed as licit and lawful and not subject to import prohibitions of § 863(a) pursuant to § 863(f)(1). *See HQ H327540* (March 7, 2024). The Denial Decision states (emphasis added):

> In the lawsuit *Eteros Technologies USA, Inc. v, United States* argued before the United States Court of International Trade (CIT), the petitioning entity stipulated for the purpose of the litigation that the merchandise which they were importing into the United States for distribution to their customers, satisfies the federal statutory definition of "drug paraphernalia". While the ruling in this lawsuit was in favor of Eteros Technologies USA, Inc., it did not determine their business was outside the scope of federally illegal marijuana production, it simply granted them an exemption from the importation prohibitions in Title 21 USC 863. This ruling solely addressed the import restrictions associated with marijuana drug paraphernalia. 21 USC 863, and in particular, 21 USC 863(f), has no basis on the federal legality or immigration consequences pertaining to an individual's involvement in the marijuana industry by a noncitizen. By stipulating that their products are drug paraphernalia, Eteros Technologies USA, Inc. has demonstrated that they are knowingly and intentionally contributing to the proliferation of the marijuana industry in the United States and are therefore in violation of 21 USC 841. **The CIT is a court of limited jurisdiction** and lacks authority to set precedent over U.S. immigration law. The CIT ruling does not form a basis to argue that Mr. McKellar is admissible in states that have legalized marijuana.
>
> Based on the aforementioned, Mr. McKellar is inadmissible under section 212(a)(2)(C)(i) of the INA.

35.     Section 1907 (3) of Title 21, United States Code, which is the best evidence of its contents, provides:

> (3) Narcotics trafficking
>
> The term "narcotics trafficking" means any illicit activity to cultivate, produce, manufacture, distribute, sell, finance, or transport narcotic drugs, controlled substances, or listed chemicals, or otherwise endeavor or attempt to do so, or to assist, abet, conspire, or collude with others to do so.

36. Section 841(a) of Title 21, United States Code, which is the best evidence of its contents, states:

(a) Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

37. The actions and position taken by CBP in respect to Eteros employees, and particularly, Mr. McKellar, is agency action which is causing material injury to Plaintiff and its business. Eteros Canada employs 50 employees who are Canadian nationals, many of whom may travel to the United States for business visits on behalf of the Canadian company. Further, some of the Canadian employees of Eteros Canada possess L-1 work authorization to provide employment services to Eteros U.S. Their business responsibilities include traveling internationally between the United States and Canada. If these employees are subject to detention, sanction, and removal, and possible criminal prosecution, it will have a deleterious effect on Plaintiff's business, which is already being injured by the inability of its CEO and Director to enter the United States and work for Plaintiff.

38. Similarly, the actions taken by CBP have created for Eteros USA and its 11 US-based employees a realistic apprehension that, by conducting their lawful business in accordance with the guidance provided by this Court in its *Eteros* decision, Defendant will allege that they have engaged in illicit narcotics trafficking and are subject to arrest, prosecution and imprisonment

39. The action and position taken by CBP in respect to Eteros employees is also hampering Plaintiff's ability to attract employees to work for the company, as these prospective

employees are concerned that, by accepting employment with Plaintiff, they too will become the subjects of CBP retaliation and exposed to criminal prosecution under 21 U.S.C. §§ 841 and 1907.

40. Plaintiff stresses that it is seeking declaratory relief only, and is not seeking any specific relief relating to the immigration situation of any particular Eteros employees, who are not parties to this action. Mr. McKellar is pursuing judicial review of *inter alia* the ERO and travel ban issued against him in the Federal District Court for the Western District of Washington.

### V. CAUSE OF ACTION
**COUNT I – DECLARATORY JUDGMENT AS TO 21 U.S.C. § 1907**

41. Plaintiff realleges and incorporates herein all prior allegations.

42. This Count is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, which authorizes this Court to declare the rights and legal relations of any interested party in a case of actual controversy.

43. Eteros is an interested party because it has a direct and substantial interest in protecting its operations, its employees, and its ability to comply with the law as affirmed by this Court. Specifically, this case involves the *administration and enforcement* of this Court's prior decisions in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022), and *Keirton USA Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022). These decisions affirmed that Eteros' importation of cannabis-related merchandise into a State where marijuana has been legalized falls within the exception set out in 21 U.S.C. § 863(f)(1) and is lawful.

44. This is a case of actual controversy because the opposing interpretations of the law between Eteros and CBP have resulted in concrete harm, including retaliatory enforcement actions by CBP against Eteros and its employees, and the legal uncertainty created by CBP's actions demands resolution by the Court under 28 U.S.C. § 2201.

45. In the *Eteros* and *Keirton* decisions, *supra*, this Court held that the importation of goods which might fall within the definition of "drug paraphernalia" pursuant to the definition set out in 21 U.S.C. § 863(d) is permitted in accordance with the provisions of 21 U.S.C. §863(f)(1), if done by "persons authorized" to possess, distribute, *or* manufacture such merchandise under Federal, State or local law.

46. In the *Eteros* decision, this Court held that Plaintiff qualifies as a "person authorized" under § 863(f)(1) to import cannabis-related items classified as "drug paraphernalia" into the State of Washington.

47. The activity sanctioned by this Court in Eteros is not *per se* "illicit," as that term is used in 21 U.S.C. § 1907.

48. The activity sanctioned by this Court in *Eteros* does not constitute "narcotics trafficking," as defined in 21 U.S.C. § 1907.

49. The activity sanctioned by this Court in *Eteros* does not *per se* involve aiding, abetting, assisting, conspiring, or colluding with others to engage in "narcotics trafficking," as defined in 21 U.S.C. § 1907.

**COUNT II – DECLARATORY JUDGMENT AS TO 21 U.S.C. § 841**

50. Plaintiff realleges and incorporates herein all prior allegations.

51. This Count is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, which authorizes this Court to declare the rights and legal relations of any interested party in a case of actual controversy.

52. Eteros is an interested party because it has a direct and substantial interest in protecting its operations, its employees, and its ability to comply with the law as affirmed by this Court. Specifically, this case involves the *administration and enforcement* of this Court's prior decisions in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade

2022), and *Keirton USA Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022). CBP's retaliatory actions have undermined the enforceability of these rulings and created significant legal uncertainty that must be addressed by the Court under 28 U.S.C. § 2201.

53. This is a case of actual controversy because CBP's actions—such as issuing an expedited removal order, denying visas, revoking NEXUS memberships, and threatening criminal prosecution—directly conflict with this Court's findings and rulings, resulting in harm to Eteros and its employees.

54. In the *Eteros* and *Keirton* decisions, *supra*, this Court held that the importation of goods which might constitute "drug paraphernalia" pursuant to the definition set out in 21 U.S.C. § 863(d) is permitted in accordance with the provisions of 21 U.S.C. §863(f)(1), if imported by "persons authorized" by State law to possess, distribute, *or* manufacture such merchandise .

55. In the *Eteros* decision, this Court held that Plaintiff qualifies as a "person authorized" under § 863(f)(1) to import cannabis-related items classified as "drug paraphernalia" into the State of Washington.

56. The activity sanctioned by this Court in *Eteros*, does not *per se* constitute the manufacture, distribution, dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance within the meaning of 21 U.S.C. § 841.

57. The activity sanctioned by this Court in *Eteros*, does not *per se* constitute the aiding, abetting, assisting, conspiring, or colluding with others to engage in the manufacture, distribution, dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance within the meaning of 21 U.S.C. § 841.

**COUNT III – RELIEF UNDER THE ALL WRITS ACT, 28 U.S.C. § 1651**

58. Plaintiff realleges and incorporates herein all prior allegations.

59. The All Writs Act, 28 U.S.C. § 1651, grants this Court authority to issue all writs necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law.

60. This Court has already exercised jurisdiction over the issues raised by Plaintiff in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022), and its ruling in that case remains binding and enforceable on Defendant, including CBP.

61. Defendant, through CBP, has acted in contravention of this Court's judgment in *Eteros, supra*, which confirmed that Plaintiff's cannabis-related importations are lawful under 21 U.S.C. § 863(f)(1), are exempt from federal prohibitions under 21 U.S.C. § 863(a), and are not in violation of 19 U.S.C. § 1595a. Such conduct is *per se* entirely *licit* under federal law.

62. CBP's retaliatory conduct, including its baseless targeting of Plaintiff's executives and unjustified enforcement actions that mischaracterize lawful activities as violations of 21 U.S.C. §§ 841 and 1907, undermines the authority of this Court of national jurisdiction, and undermines the ability of Plaintiff and the importing public to rely upon Court's prior decisions in *Eteros* and *Keirton* and disrupts the lawful administration of Plaintiff's business.

63. CBP's actions, including its denial of visa renewals, expedited removal orders, five-year entry bans, and revocation of NEXUS memberships, and threatened criminal prosecutions of Eteros employees, constitute an unlawful abuse of authority designed to circumvent and frustrate the authority of this Court.

64. Plaintiff is entitled to relief under the All Writs Act, 28 U.S.C. § 1651, to ensure Defendant's compliance with this Court's prior decisions and to prevent Defendant from engaging in further retaliatory, abusive, or unlawful conduct that threatens Plaintiff's ability to lawfully conduct its business in the United States.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Eteros Technologies USA Inc., prays that this Court enter Declaratory Judgment in its favor, and providing the following relief:

1. A declaration that the importation of cannabis-related "drug paraphernalia" in accordance with the exception provided in 21 U.S.C. § 863(f)(1) does not *per se* constitute a violation of either 21 U.S.C. § 1907 or 21 U.S.C. § 841.

2. A declaration under the All Writs Act, 28 U.S.C. § 1651, that Defendant, through its agency U.S. Customs and Border Protection, shall refrain from:

    a. Taking enforcement actions that contravene or undermine this Court's rulings in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022), and *Keirton USA Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022).

    b. Targeting Plaintiff or its employees with retaliatory actions, including but not limited to expedited removal orders, entry bans, visa denials, NEXUS membership revocations, or criminal allegations under 21 U.S.C. §§ 1907 or 841, without facts or evidence beyond those at issue in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022).

3. A declaration that Defendant shall comply with this Court's binding rulings, including its decisions in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022), and *Keirton USA Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022).

4. A declaration that Defendant shall comply with CBP's binding agency rulings, including but not limited to HQ H327540 (March 7, 2024) (acknowledging the applicability of the federal exemption under 21 U.S.C. § 863(f)(1)).

5. An order awarding Plaintiff its reasonable attorneys' fees, costs, and expenses of this suit pursuant to applicable law.

6. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

NEVILLE PETERSON LLP

 /s/ Richard F. O'Neill
Richard F. O'Neill
701 Fifth Ave., Ste. 4200-2159
Seattle, WA 98104-4089
(206) 905-3648
roneill@npwny.com

 /s/ John M. Peterson
John M. Peterson
Patrick B. Klein
One Exchange Plaza at 55 Broadway
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

*Counsel for Plaintiff Eteros Technologies USA, Inc.*

Dated: January 29, 2025

**COMPLAINT EXIBITS**

| EXHIBIT LIST | |
|---|---|
| **Exhibit** | **Description** |
| **A** | Expedited Removal Order against Aaron McKellar (October 4, 2024). |
| **B** | Motion to Reconsider and Vacate the Expedited Removal Order against Aaron McKellar. |
| **B-1** | Form G-28, signed by the affected party, Aaron McKellar. |
| **B-2** | Copy of the Expedited Removal Order. |
| **B-3** | Aaron McKellar's prior L-1A approvals issued by USCIS |
| **B-4** | Legal memorandum from Eteros' trade counsel discussing the legality of the company's business activities. |
| **B-5** | *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022) |
| **B-6** | *Keirton USA Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022) |
| **B-7** | Customs Headquarters Ruling HQ H327540 of March 7, 2024 |
| **C** | CBP Area Port Director Harmit Gill Letter Denying Eteros Technologies USA, Inc. Motion Reconsider and Vacate the Expedited Removal Order against Aaron McKellar (November 12, 2024). |